

Villanova University School of Law

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-2008

# Wilson Franco v. Chester Twp Pol Dept

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5133

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

### Recommended Citation

"Wilson Franco v. Chester Twp Pol Dept" (2008). *2008 Decisions*. Paper 1756.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1756

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5133

**KRISTEN SENKBEIL WILSON FRANCO,

v.

CHESTER TOWNSHIP POLICE DEPT.;
THE OFFICE OF DISTRICT ATTORNEY
OF DELAWARE COUNTY

Kristen Senkbeil Wilson-Franco;
*Frank J. Marcone;
*Joseph P. Caranci Jr.,

Appellants

* (Pursuant to F.R.A.P. 12(a))

** (Amended as per the Clerk's 5/22/06 Order)

On Appeal from United States District Court
for the District of Eastern Pennsylvania
D.C. No. 04-cv-01262
District Judge: Honorable Thomas N O'Neill

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2008

Before: FISHER, HARDIMAN and ALDISERT, *Circuit Judges*.

(Filed: January 14, 2008)

HARDIMAN, *Circuit Judge*.

Kristen Senkbeil Wilson-Franco (Wilson) appeals from the District Court's denial of her motion to repudiate a "release-dismissal agreement" she entered into with the Office of the District Attorney of Delaware County. She is joined in this appeal by Frank Marcone, Esq., who represented Wilson in her federal civil rights suit against Delaware County, and who is seeking payment of his fees incurred therewith.

## I.

Our review of the validity of Wilson's release-dismissal agreement is plenary. *Cain v. Darby Borough*, 7 F.3d 377, 379 (3d Cir. 1993) (en banc). We exercise plenary review over the legal issues relating to the appropriate standard under which to evaluate an application for attorney's fees, but review the reasonableness of a district court's denial of attorney's fees for an abuse of discretion. *County of Morris v. Nationalist Movement*, 273 F.3d 527, 535 (3d Cir. 2001).

## II.

Because we write for the parties, we repeat only the facts essential to our decision. As part of a federal investigation into alleged criminal conduct by Wilson's son, Chester Township Police executed a search warrant on a motor home owned by Wilson. After that search yielded trace quantities of methamphetamine, marijuana, drug paraphernalia,

and two handguns, Wilson was charged with drug possession, carrying a firearm without a license, and obstruction of justice. In addition, the officers impounded the motor home and the District Attorney's Office filed a motion for forfeiture.

Wilson responded to the criminal charges and forfeiture motion by filing a federal civil rights action in the District Court, alleging that the District Attorney's Office and the Chester Township Police Department conspired to press frivolous criminal charges in an effort to acquire her motor home for their use at Philadelphia Eagles football games.

On the day of her state court criminal trial, Wilson and the District Attorney's Office reached a written settlement under which the criminal charges would be withdrawn in exchange for Wilson's voluntary dismissal with prejudice of the federal civil rights complaint. Wilson also waived her right to recover attorney's fees. The settlement agreement was drafted by the District Attorney's Office, and Wilson's criminal attorney was permitted to review and suggest changes, as well as to discuss the agreement with Wilson. Appellant Marcone also was informed of the agreement by Wilson's criminal attorney. The state court judge engaged Wilson in a thorough colloquy on the record, during which the court repeatedly advised her that she was waiving any rights she had with respect to the federal suit. Deputy District Attorney Katayoun Copeland approved the settlement agreement after reviewing Wilson's federal complaint, the police reports, and the affidavit of probable cause, as well as speaking to the police officers who were to testify. Although Copeland concluded that Wilson's federal complaint was frivolous, she

3

claims that she agreed to the settlement to avoid the waste of taxpayer dollars on defending a meritless lawsuit filed by a relatively minor suspect in the investigation.

Difficulties with the settlement arose, however, when Appellant Marcone refused to sign papers that Wilson believed were necessary to dismiss the federal case. Accordingly, Judge Cynthia Rufe of the U.S. District Court for the Eastern District of Pennsylvania convened an emergency settlement conference with the parties and counsel.[1]  According to attorney Marcone's complaint, Judge Rufe opined that Wilson's civil rights claim appeared to have merit and expressed some disappointment that the settlement did not provide for attorney's fees.  The gravamen of attorney Marcone's appeal is that Judge Rufe actually granted his petition for attorney's fees.

After meeting with Judge Rufe, Wilson moved to repudiate the settlement agreement shortly after the settlement conference.  The District Court denied both Wilson's motion and Marcone's motion for attorney's fees.


III.

"Release-dismissal" agreements such as the one at issue here, are constitutionally permissible so long as they are executed voluntarily, free from prosecutorial misconduct, and not offensive to the public interest. *Town of Newton v. Rumery*, 480 U.S. 386, 398 (1987).  Relevant factors in evaluating whether a release is voluntary under *Rumery* may

---

[1] Judge Rufe intervened only temporarily because Judge O'Neill — to whom Wilson's federal civil rights suit was assigned — was unavailable.

include the knowledge and experience of the defendant, whether the defendant was represented and whether the attorney drafted the agreement, whether the defendant is in custody, and whether the defendant had time to consider the agreement. *See Burke v. Johnson*, 167 F.3d 276, 279-80 (6th Cir. 1999). The prosecutorial misconduct and public interest factors are considered together, *Cain*, 7 F.3d at 380, and require that the facts known to the prosecutor at the time objectively support the proffered public interest to be served by the agreement, and that the proffered public interest be the *actual reason* for the agreement. *Livingstone v. North Belle Vernon Borough*, 91 F.3d 515, 527 (3d Cir. 1996).

After reviewing the record, we are confident that the release-dismissal agreement in this case satisfies the requirements of *Rumery*. Wilson was represented by competent counsel who was permitted to review and alter the agreement and to consult with Wilson concerning its implications. During the colloquy between Wilson and the state trial court, Wilson was repeatedly advised that she was waiving her right to pursue her federal suit and that she signed the agreement fully aware of its terms. Moreover, she is relatively sophisticated with several years of college education, was not in custody at the time of her trial, and had many months to become aware of the charges against her and to consult her attorney. Finally, Deputy District Attorney Copeland appears to have conscientiously reviewed Wilson's case and determined that the public interest in prosecuting a minor drug suspect was outweighed by the need to avoid the substantial financial and practical burdens of defending a frivolous civil rights suit. We have held that avoiding the burden of frivolous litigation is a legitimate public interest to be served by release-dismissal

5

agreements, *Cain*, 7 F.3d at 381, and we find no evidence that the District Attorney's Office was motivated by any other concern.

We are unpersuaded by Wilson's assertion that she was unfairly compelled to waive important constitutional rights by the specter of a lengthy prison sentence, a large fine, and the loss of her motor home. As the Supreme Court emphasized in *Rumery*, forcing criminal defendants to make difficult choices does not violate the Constitution, *Rumery*, 480 U.S. at 393, and Wilson's dilemma is no more coercive than those faced by many other criminal defendants. We are equally unpersuaded by Wilson's allegations of prosecutorial misconduct. Her suggestion that the Defendants engaged in a conspiracy to seize her motor home for their personal recreational use lacks support in the record. And her assertion that she cannot be prosecuted for the contraband found in her own motor home if she is not present at the time of the search is incorrect.

Finally, we have little difficulty in affirming the District Court's denial of attorney Marcone's petition for attorney's fees. Marcone's claim that Judge Rufe granted his fee petition is simply inaccurate. As the District Court rightly pointed out, had Judge Rufe granted his petition, the local rules would have permitted Judge O'Neill to modify the order upon his return.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

6